FILED
2010 Feb-01  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| MARTHA WHITTEN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]  3:08-CV-01502-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, Martha Whitten, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a Period of Disability ("PD") and Disability Insurance Benefits ("DIB").  Ms. Whitten timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Whitten was forty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision.  She has a high school

education and one-and-a-half years of college.  (Tr. at 30-32.)  She has past relevant work experience as a sewing machine operator.  (Tr. at 47.)  Ms. Whitten alleges disability beginning June 9, 2005, due to osteoporosis, scoliosis, degenerative changes in her lumbar spine, and depression.  (Tr. at 14.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii).  Otherwise, the analysis

continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms.

Whitten meets the insured status requirements of the Social Security Act through the date of his decision. (Tr. at 14.) He further determined that Ms. Whitten has not engaged in substantial gainful activity since the alleged onset of her disability. *Id*. According to the ALJ, Ms. Whitten's combination of impairments - consisting of osteoporosis, scoliosis, and mild degenerative changes at L4-5 and L5-S1 - qualify as "severe" based on the requirements set forth in the regulations, but Ms. Whitten's depression is nonsevere. (Tr. at 14-15.) The ALJ found that Ms. Whitten's impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 15.) He did not find Ms. Whitten's allegations to be completely credible, and he determined that Ms. Whitten has the following residual functional capacity: she can "perform sedentary work with no work at unprotected heights; no work around dangerous, moving, unguarded machinery; and no climbing of ropes, ladders, or scaffolding." *Id*.

The ALJ found that, while Ms. Whitten is unable to perform any past relevant work, she has the residual functional capacity to perform certain unskilled, sedentary work. (Tr. at 21.) The Vocational Expert ("VE") testified, consistent with the Dictionary of Occupational Titles, that an

individual with Ms. Whitten's limitations (as hypothesized by the ALJ) would be able to perform work as an appointment clerk, information clerk, or final assembler.  Based on this testimony, the ALJ found that Ms. Whitten is capable of adjusting to occupations that exist in significant numbers in the national economy.  *Id*.  The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 4, 2002 through the date of this decision."  *Id*.

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*.  "The

substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion.

Ms. Whitten contends that the Commissioner's decision finding her not disabled is due to be reversed because it is not supported by substantial evidence. (Doc. 7.) She argues that the ALJ failed adequately to credit her testimony regarding her abilities and limitations. Taking this testimony into account, Ms. Whitten maintains that the evidence overwhelmingly demonstrates that she is unable to perform the unskilled, sedentary work the ALJ found her capable of, and therefore that the Commissioner's decision must be reversed.

At the hearing held before the ALJ on June 19, 2007, Ms. Whitten testified that due to pain in her back, hip, legs, and hands, she is unable to stay in one position for very long. She stated that to alleviate the pain, she lies down for around fifteen minutes eight or nine times a day. (Tr. at 35.) She also runs hot water on her back in a bathtub about four times per day. (Tr. at 40-41.) She walks her dogs but has to stop to rest in the course of the walk. (Tr. at 36.) She is "up and down" most of the night unless she takes enough pain pills to be "knocked out." (Tr. at 41.) Ms. Whitten stated that when she took classes at a local college, sitting through the class

pained her, causing her to squirm. (Tr. at 43.) She testified that she performs household tasks such as cleaning, cooking, and laundry, but due to her pain she must complete these tasks in segments, allowing her to rest or change position frequently. (Tr. at 34-35, 40.) Due to her arthritis, she has to use two hands to put a gallon of milk in the refrigerator, and she has broken six glasses when they slipped out of her hand. (Tr. at 38.) She does not believe that she could make it through an eight-hour day without lying down or running water on her back in the tub. (Tr. at 44.)

When asked whether the need to take frequent, unscheduled breaks would affect Ms. Whitten's ability to perform unskilled, sedentary work, the VE stated that such a need would "preclude the ability to sustain any work activity." (Tr. at 49.) Likewise, the VE testified that the need to lie down outside of scheduled breaks would prevent Ms. Whitten from sustaining any work activity. (Tr. at 49-50.) Finally, the VE explained that sedentary work requires the worker to be able to use her hands for fingering and grasping - if she is only able to do so for "intermittent short periods," she is unable to perform sedentary work. (Tr. at 50.) Ms. Whitten points to her own testimony and the VE's testimony in arguing that the ALJ's determination

that she can perform sedentary work, and therefore is not disabled, was not supported by substantial evidence.

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

The ALJ is permitted to discredit Claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about

the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). In *Dyer*, the Eleventh Circuit held that the ALJ properly applied the *Holt* standard when he considered the claimant's daily activities, frequency of his symptoms, and the types and dosages of his medications, to conclude that the claimant's subjective complaints were inconsistent with the medical record. *Id*. at 1212. "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (internal quotations omitted).

In this case, the ALJ found that although Ms. Whitten's medically determinable impairments could be expected to produce the symptoms alleged, her allegations regarding the severity of those symptoms were not entirely credible. (Tr. at 17.) To support this conclusion, the ALJ noted that although Ms. Whitten testified that she was affected by depression, there was no medical evidence to show that her depression resulted in

significant limitations. Further, medical evidence demonstrated that medication reduced Ms. Whitten's symptoms of depression in 2005. (Tr. at 150.)

At the hearing, Ms. Whitten claimed that her pain was such that she did not think she could work an eight-hour day without frequent breaks to lie down or run water on her back in the tub. (Tr. at 44.) Plaintiff's gynecologist, Dr. Kirchler, opined in June 2006 that claimant could not complete work requiring standing or lifting more than five pounds. (Tr. at 233.) However, the ALJ found Dr. Kirchler's opinion to be not credible, because although Dr. Kirchler discussed Ms. Whitten's osteoporosis with her, no objective evidence in Dr. Kirchler's records supported the severity of limitations alleged by Ms. Whitten. (Tr. at 18.) When she visited Dr. Murphy in February 2007, records show that Ms. Whitten complained only of discomfort and intermittent pain in her lower back and left foot, and that there were no other complaints noted. (Tr. at 227.)

In a rheumatology consultation in February 2007, Ms. Whitten reported pain and morning stiffness. She was prescribed Naproxen, and by April 2007 it was noted that she had improved significantly and was no longer

experiencing any notable morning stiffness. (Tr. at 218-19.) An exam in April 2006 showed that Ms. Whitten had a full range of motion in her shoulders, elbows, writs, hips, knees, and ankles. She was able to squat and walk heel-to-toe. X-rays of her thoracic spine showed mild scoliosis and x-rays of her lumbar spine showed Schmorl's at L2, 3, 4, and 5, but otherwise her lumbar spine was normal with well-maintained disc spaces. No significant limitations were noted. (Tr. at 162-64.)

It appears to this Court that the ALJ specifically addressed Plaintiff's allegations of pain in his opinion, and he provided explicit and reasonable reasons for rejecting her testimony. The objective medical evidence does not confirm the severity of the alleged pain. Substantial evidence supports the ALJ's conclusion that Plaintiff's impairments did not cause disabling limitations, and instead shows that she could perform sedentary work.

IV. Conclusion.

Upon review of the administrative record, and considering all of Ms. Whitten's arguments, the Court finds that the Commissioner's decision that Ms. Whitten is not disabled is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>1st</u> day of <u>February 2010</u>.

                                                _____
                                                   L. SCOTT COOGLER
                                        UNITED STATES DISTRICT JUDGE